IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHANE SEPEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0178 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner SHANE SEPEDA has filed a petition for a federal writ of habeas corpus challenging a Texas conviction. Petitioner seeks an order of acquittal of his state conviction or a new sentencing hearing. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On April 3, 2008, in Potter County, Texas, petitioner was charged by complaint with the 2nd degree felony offense of indecency with a child by sexual contact. On April 9, 2008, counsel was appointed to represent petitioner. On May 15, 2008, petitioner was indicted for the indecency offense. *State v. Sepeda*, Cause No. 57,621-A. On August 19, 2008, petitioner elected to have the jury assess his punishment in the event the jury found him guilty. Counsel

also filed a Motion for Community Supervision requesting the court submit to the jury the issue of whether petitioner should be placed on community supervision in the event of a guilty verdict, noting he had not previously been convicted of a felony offense.

On September 3, 2008, prior to jury selection, the prosecution advised the court there was an issue as to petitioner's eligibility for probation. Ultimately, the state court judge ruled, over defense counsel's objection, that petitioner was not eligible for a jury-assessed probated sentence. Based on this ruling, the defense did not question the jury panel concerning their thoughts on granting a probated sentence to a defendant charged with indecency with a child by sexual contact. At the guilt/innocence phase of the trial, the State presented evidence that after watching a pornographic movie in his 10-year old daughter's presence, petitioner caused his then sleeping daughter's hand to make sexual contact with petitioner's genitals, stopping when she awoke. On September 4, 2008, the jury found petitioner guilty of the charged indecency offense.

Petitioner elected to have the trial court assess punishment. At the hearing before the court at the punishment phase, the State introduced a packet containing petitioner's prior criminal history reflecting numerous prior convictions consisting of multiple offenses for driving with an invalid license, failure to identify to a police officer, false identification to a police officer, violations of protective orders, unauthorized absence from a county correctional facility (enhanced to a felony but sentenced as a misdemeanor), assaults, driving while intoxicated, possession of a prohibited weapon (a switchblade knife), criminal mischief, and criminal trespass. The State also noted that at the time the indecency offense was alleged to have been committed, petitioner was serving probation for a 2nd degree felony drug possession (in the same court), as well as for credit card fraud and assault.

Petitioner testified at the sentencing hearing, giving excuses for his prior convictions, but

being vague regarding the specifics of his criminal mischief offenses, as well as noting he could not recall if he had even more convictions than those the State had presented. Petitioner explained certain of his offenses were committed out of concern for his family, not for himself. Petitioner denied watching pornography with his daughter or having any sexual contact with his daughter, explaining the jury was wrong and made an error and that he did not see how he could be in trouble just for something his daughter said he did.

Defense counsel argued the bulk of the offenses were petty misdemeanors, several of which were interrelated, involved the same victim, or occurred some time ago, and were the result of guilty pleas. Defense counsel also noted petitioner had no previous incidents of sexual misconduct, did not fit the traditional pattern of sex offenders, and had never been investigated by Child Protective Services or had a sex crime allegation made against him. Defense counsel noted petitioner was close to his family, had a job to go to, could live with his mother, and was willing to comply with any conditions of probation. Noting the trial court had the "full range of punishment options," defense counsel asked that the court consider probation or shock probation so that petitioner could continue to work and financially support his other children, and not create another burden for society.

The State requested the court assess the maximum imprisonment and fine, noting petitioner never accepted fault for his wrongdoings, blamed unfair treatment and miscarriages of justice for his extensive criminal history, did not learn his lesson despite the numerous punishments imposed in his prior cases, and repeatedly showed disdain for the court system and a total lack of responsibility for his actions. The State noted petitioner was serving three (3) probations when he committed the instant offense, and that his conduct was growing more reprehensible and dangerous to others. The State maintained that even though the evidence was

clear that petitioner was guilty of the indecency with his own daughter, that petitioner still refused to acknowledge his culpability and accept responsibility for his conduct.

After receiving all of the evidence and hearing counsel's arguments, the trial court assessed petitioner's punishment at the maximum twenty (20) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. The court noted he sat through the trial and "heard what [he] heard," and that of the "two sides," he found petitioner's daughter "more believable." Vol. 4 at 224. The court explained:

> I think you did what they found you guilty of, and they have found you guilty of what to me is one of the most hideous things that a man can possibly do. You – you scarred that little girl for probably the rest of her life. That's the way I see it. She'll probably never get over that. And the first time she – she makes love with her husband or her boyfriend or whoever it happens to be, that will be in the back of her mind and that's a terrible thing to take away from your daughter like that. It's just a terrible thing.
>
> I'm going to give you 20 years in prison. I'm not going to give you the fine because I – I don't want the money to go to the state. I want it to go to your children. I don't think either one of them will get it, but if I had my choice, it would go to the – it would go to the children. But I sentence you to 20 years in the institutional division . . . .
> . . .
>
> I wish you the best of luck and I hope that – that you come out with a little bit more humble attitude and a little older and try to figure life out a little bit. You've just been in one scrape after another and it finally just all caught up with you. And one of the reasons I gave you 20 years is that little girl is going to be 20 years old before you're eligible for parole. She'll be out and an adult and have a life of her own and that's one reason I did that.

Vol. 4 at 225-27. A corresponding judgment was signed September 10, 2008 and filed of record September 15, 2008.

On October 7, 2008, trial counsel filed a Motion for New Trial arguing:

The trial court erred in ruling that a prior felony conviction reduced under Texas Penal Code § 12.44 precluded Defendant from being eligible for probation from the jury. Based upon such ruling, Defendant was not allowed to voir dire [on] the full range of punishment and was compelled to make trial decisions which he

would not otherwise have made but for such ruling. Counsel requested the judgment of conviction and sentence be set aside and a new trial ordered. It appears the motion for new trial was overruled by operation of law.

Petitioner, represented by different appointed appellate counsel, appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas arguing, as relevant here, that trial counsel was ineffective at sentencing because counsel argued for probation when probation was not available. On December 18, 2009, the appellate court affirmed petitioner's sentence in an unpublished opinion.[1] *Sepeda v. State*, No. 07-08-0366. In its opinion, the appellate court held, as relevant here:

> In this matter, appellant contends that his counsel was ineffective because his counsel argued for probation when it was not available as an option from the judge upon conviction. Indecency with a child by sexual contact is a 3g offense. Therefore, appellant was not eligible for judge ordered community supervision upon his conviction. Thus, under the first prong of Strickland, we concluded that appellant has demonstrated that his representation was deficient because we cannot say that counsel's representation meets an objective standard of reasonableness.
>
> We next review counsel's representation under the second prong. In judging the prejudice, appellant must show by a preponderance of the evidence "that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." Here, appellant argues that "had counsel properly urged that the evidence warranted a sentence of something less than the maximum, the trial court might well have been persuaded to assess just that. Instead counsel argued for community supervision, which no 'reasonable competent attorney would have engaged in for any reason.'" Further appellant contends in his brief that "[c]ounsel wasted his closing argument in this regard." Although we agree that counsel should not have argued for community supervision when it was not available, we fail to see the logic of counsel's argument or how counsel "wasted his closing argument." From the record, it appears that neither the prosecutor nor the trial court were cognizant of the fact that community supervision was not an option in this case. Further, assuming that the trial court erroneously believed that community supervision was available, appellant has failed to show how the results of the proceedings would have been different by counsel asking for the minimum available punishment of two years

---

[1] The appellate court modified the judgment by deleting the court-appointed attorney fees from the judgment.

> incarceration. There is no evidence from the record that the trial court would have assessed punishment any differently had trial counsel for appellant asked for two years incarceration versus community supervision. Furthermore, the right to effective assistance of counsel does not mean errorless or perfect counsel whose competency of representation is to be judged by hindsight. Counsel's performance is judged by "the totality of the representation" and "judicial scrutiny of counsel's performance must be highly deferential" with every effort made to eliminate the distorting effects of hindsight. Appellant has not shown by a preponderance of the evidence that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. We overrule appellant's second issue.

*Id*. at 7-8 (citations omitted). Petitioner filed a petition for discretionary review raising the issue, as relevant here:

> Where counsel's sentencing strategy aims at obtaining probation, *which the trial court was statutorily precluded from granting*, and where the *maximum* sentence is then imposed, does a court properly conclude that no prejudice occurred because that no evidence shows the sentence would have been less had counsel argued for the *minimum* term of imprisonment?

(emphasis in original). On March 31, 2010, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court seeking review of the denial of the petition for discretionary review, nor did petitioner seek collateral review by filing a state application for a writ of habeas corpus challenging the constitutionality of his sentence.

On July 21, 2010, petitioner filed with this Court the instant federal habeas corpus petition. On December 7, 2010, respondent filed an answer opposing petitioner's request for federal habeas corpus relief.

## II.
## PETITIONER'S CLAIM

Petitioner claims his conviction and/or sentence is in violation of the United States Constitution because he was denied effective assistance of counsel at sentencing. Specifically,

petitioner maintains counsel was deficient because his sentencing strategy and closing argument were aimed solely at obtaining community supervision probation, which the trial court was statutorily precluded from granting, rather than arguing for something less than the maximum sentence. Petitioner contends he was prejudiced by counsel's actions as evidenced by the trial court imposing the maximum sentence.

## III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless that person first shows the prior adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The standard set out in paragraph (2), *i.e.*, that the state court decision was based on an unreasonable determination of the facts, is the controlling standard in this case.

A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485.

Petitioner filed a state appeal and a petition for discretionary review challenging the constitutionality of his sentence on the grounds that he was denied effective assistance of trial

counsel because counsel argued for a sentence the state trial court could not impose. The state appellate court found that while counsel should not have argued for community supervision when it was not available, there was no evidence the trial court would have assessed punishment any differently had trial counsel for appellant asked for the minimum available punishment of two years incarceration versus community supervision. The state appellate court found there was no prejudice as a result of counsel's error because there was no reasonable probability that, but for the error, the result of the proceeding would have been different. This was an adjudication of petitioner's claim on the merits.[2] Therefore, the deferential standard set forth in 28 U.S.C. § 2254(d) is applicable to this case and must be demonstrated by petitioner. While petitioner contends the state courts made an unreasonable decision when they found trial counsel's punishment remarks did not prejudice petitioner, the facts do not support petitioner's contention.

## IV.
## EFFECTIVENESS OF COUNSEL

In order to obtain habeas corpus relief on the ground of ineffective assistance of counsel, a petitioner must demonstrate not only that his counsel's performance was deficient, but must also show the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id.* at 668, 104 S.Ct. at 2064. However, a strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v.*

---

[2] The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. Although not constituting an endorsement or adoption of the reasoning employed by the appellate court, *see Campbell v. State*, 647 S.W.2d 660 (Tex.Crim.App. 1983), such a decision was a rejection of petitioner's claim and constitutes an adjudication regarding the merits of the claim. *See Stevenson v. Thaler*, 2010 WL 1962673 at *5 (N.D. Tex. –Fort Worth Div. 2010).

*Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Strickland*, 466 U.S. at 690-91. To demonstrate prejudice, a petitioner must show that a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, __U.S.__, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, __U.S.__, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

Because the state court determined petitioner's counsel was deficient, it is not necessary to discuss the deficiency prong. Instead, the issue is whether petitioner was prejudiced by counsel's deficient argument. The state court found petitioner was not prejudiced as a result of counsel's representation, and petitioner has not demonstrated the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Namely, petitioner has not affirmatively shown he was prejudiced by trial counsel's actions because he has not presented evidence that a request by counsel for a minimal prison term or a lenient prison term, instead of a probated sentence, would have made any difference to the sentencing judge. The judge heard the facts of the case as it was presented to the jury. The judge believed defendant was guilty of indecency with his daughter, and emphatically expressed his disapproval of defendant's actions and his sorrow for the profound

effects of defendant's actions upon the victim.  The judge also heard the testimony and observed the demeanor of the defendant, even noting he hoped the prison sentence assessed would result in petitioner having a "more humble attitude."  The judge had before him the jury's determination of guilt, as well as petitioner's criminal history and the fact petitioner was serving probations at the time of the offense.  These prior convictions and prior bad acts were proper sentencing considerations.  The judge indicated the severity of the sentence he assessed was based on the reprehensibleness of the offense, the effect on the victim, the fact that petitioner could not be released until the victim was an adult, petitioner's attitude, and petitioner's criminal history.  There is simply no indication the judge considered any sentence less than the 20-year maximum sentence to be appropriate, and there is no basis to believe any argument for a minimal prison term or for a sentence of less than the maximum would have affected the judge's sentencing decision in any way.

     Moreover, petitioner's trial counsel, although mistaken on the availability of probation as a sentencing option, strongly argued for and presented reasons why petitioner should be assessed a lenient sentence.  Trial counsel argued:  (1) petitioner's criminal history, although lengthy, was a collection of relatively minor offenses; (2) petitioner did not exhibit discernable patterns of behavior common to a sex offender; (3) petitioner had employment, living arrangements, and strong family support upon release; and (4) petitioner needed to be able to support his four children and not be a burden on society.  The trial court even commended defense counsel for doing a "fine job" on petitioner's behalf.  Clearly, trial counsel's arguments in favor of a lenient sentence were evident to the trial court, despite an erroneous request for probation.  Even so, the trial court indicated its independent reasons for assessing petitioner the maximum sentence.

Petitioner has not demonstrated the judge's sentence decision was based, in any part, on defense counsel's erroneous request for a probated sentence, or that an argument for less than the maximum sentence would have been successful or affected the judge's sentencing decision.

The state court judge could have sentenced petitioner to a term of imprisonment of less than twenty (20) years if he had determined such appropriate. The sentencing options were not limited to a maximum 20-year sentence or a probated sentence. Indeed, the judge could have assessed a sentence of as little as two (2) years in prison up to the maximum. The fact that he clearly felt the 20-year sentence to be appropriate is confirmed by his remarks at sentencing, particularly the remark that the sentence would ensure petitioner would not be eligible for parole until his victim daughter reached adulthood. There is simply no basis in the record warranting a finding that the trial judge would have imposed a lesser sentence if trial counsel had made a different argument.

Petitioner has not met the threshold standard for federal habeas corpus relief, nor has he demonstrated the merits of his ineffective assistance of counsel claims would otherwise entitle him to federal habeas corpus relief. Consequently, even if this Court disagreed with the state court determinations, petitioner has not demonstrated he is entitled to federal habeas relief by showing the state court decisions were both incorrect and <u>objectively unreasonable</u>. Petitioner's claim should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petitions for writs of habeas corpus filed by petitioner SHANE SEPEDA be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of June 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).